UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **RAYMOND SIMS-LEWIS** | * | |
| **Plaintiff** | * | |
| v | * | Civil Action No. GJH-22-1905 |
| **WARDEN FREDDRICK OBELLO,** | * | |
| **DEPT. PUBLIC SAFETY AND** | | |
| **  CORRECTIONAL SERVICES,** | * | |
| **MARYLAND STATE,** | | |
| | * | |
| **Defendants** | | |

\*\*\*

## MEMORANDUM OPINION

The above-entitled complaint was received for filing on August 1, 2022, together with a Motion to Proceed in Forma Pauperis, which the Court now grants. For the reasons that follow, the complaint must be dismissed.

Self-represented Plaintiff Raymond Sims-Lewis is incarcerated at Baltimore Central Booking and Intake Center ("BCBIC"). Plaintiff alleges that his legal mail was withheld between November 9 and November 13, 2021, for the erroneous reason that he was no longer incarcerated at BCBIC. ECF No. 1 at 2-3. He states that as a result of his legal mail being mishandled, a complaint filed with this Court was dismissed. *Id*. at 3. He provides the case number for the case dismissed, *Sims-Lewis v. Warden F. Obello, et al*., Civil Action DKC-21-2829 (D. Md. 2021). That case was dismissed without prejudice on March 1, 2022, after Plaintiff did not file an amended complaint as directed by the Court. *Id*. at ECF No. 7. Plaintiff was given 28 days from November 8, 2021, to file an amended complaint. *Id*. at ECF No. 3. Plaintiff was granted an additional 28 days to comply with the Order on December 15, 2021. *Id*. at ECF No. 6.

Plaintiff claims the dismissal of Civil Action DKC-21-2829 is the result of his legal mail

being withheld and alleges the act was intentional and violated his right of access to courts.  ECF No. 1 at 3.  He adds that he wants to file a Maryland Tort Claim and a Local Government Tort Claim for "violations such as: Intentional Infliction of Emotional distress from negligent hiring training and supervision, defamation of character, assault, battery."  *Id*. at 4.  He seeks damages in excess of 15 million dollars.  *Id*.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721 (2020).  Here, the complaint is deficient because Plaintiff has not stated a constitutional claim and fails to attribute any wrong-doing to any of the named Defendants.

Prisoners have a constitutionally protected right of access to the courts.  *See Bounds v. Smith*, 430 U.S. 817, 821 (1977).  However,

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'"  *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis*, 518 U.S. at 355).  "The requirement that an

2

inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id*. at 399. Plaintiff's prior case was dismissed without prejudice. Additionally, the complaint did not state a claim as filed and Plaintiff never attempted to file an amended complaint after receiving the Order from this Court.

To the extent that Plaintiff raises any claims under the Maryland Tort Claims Act or the Local Government Tort Claims Act, those claims are State law claims and may not be filed in this Court unless a basis for diversity jurisdiction is demonstrated. Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Here, all of the parties are in Maryland, defeating diversity jurisdiction.

The complaint will be dismissed for failure to state a claim on which relief may be granted. When a complaint filed by a prisoner is dismissed in its entirety because it is frivolous, malicious or fails to state a claim it qualifies as a "strike" under the provisions of 28 U.S.C. § 1915(g). *See Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) (dismissal of complaint on grounds enumerated in § 1915(g), and not procedural posture at dismissal, determines whether the dismissal qualifies as a strike). More recently, the Supreme Court held that dismissal with or without prejudice for any of the grounds enumerated in § 1915(g) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020). Because this complaint is dismissed for failure to state a claim, the dismissal constitutes a strike. Plaintiff is reminded that under 28 U.S.C. § 1915(g) he will not be granted *in forma pauperis* status if he has "on three or

more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury."

    A separate Order follows.

  September 8, 2022                                                                                                              /s/
Date                                                                                                           GEORGE J. HAZEL
                                                                                                          United States District Judge